UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DIJON R. GRISSETTE,
    Plaintiff,

vs.                                           04-4049

BOB STRAIGHT, et. al.,
    Defendants.

### ORDER.

This cause is before the court for consideration of the defendant's motion for summary judgement. [d/e 29].

### I. BACKGROUND

The plaintiff, Dijon Grissette, originally brought this action pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at the Henry County Jail. On December 21, 2004, the court conducted a merit review of the plaintiff's complaint and found the plaintiff had adequately alleged that Defendants Jail Administrator Bob Straight, Deputy Angie Lippetts and Deputy Nancy Lazar:

    1) denied the plaintiff meaningful access to the courts in violation of the Eighth Amendment; and,
    2) violated the First Amendment based on repeated delays in mail service.

The claims are against the defendants in their individual capacities only. The plaintiff alleges that the defendants repeatedly delayed his incoming mail which lead to the loss of personal correspondence, delays in court filing, an inability to locate and correspond with potential trial witnesses and a forfeiture of bond money. The defendants have filed a motion of summary judgement, and the plaintiff has filed a response.

### II. FACTS

The following facts are taken from the defendants' statement of undisputed facts, the plaintiff's response and exhibits submitted by the parties.

Defendant Robert Streight is a Henry County Sheriff's Deputy who was appointed Jail Administrator during the relevant time periods of the complaint. Defendants Nancy Lessard and Angie Lippens were both Henry County Sheriff's Deputies assigned to the county jail during the same time period.

The plaintiff was first taken into custody on April 28, 2000 and held at the Kane County Jail. The plaintiff was transferred to the McHenry County Jail from July or August of 2000 to January 28, 2001. The plaintiff was then returned to the Kane County Jail.

Due to overcrowding, the plaintiff was transferred from the Kane County Jail to the Henry County jail on three occasions: 1) July 16, 2002 to September 11, 2002; 2) September 25, 2002 to October 8, 2002 and 3) November 5, 2002 to November 19, 2002. While detained by the Kane County Sheriff, the plaintiff was also transferred to White, Schuyler and Saline Counties. The plaintiff was ultimately transferred to the Illinois Department of Corrections on May 16, 2003.

The plaintiff says inmates are given approximately ten minutes notice of a transfer. The plaintiff says when he went back to the Kane County jail on September 11, 2002, no one informed him that he was about to be transferred.

The plaintiff filed a civil rights lawsuit in the United States District Court in the Northern District of Illinois that was dismissed on June 25, 2002 for failure to state a claim. (Def. Memo, Ex. E, p. 59); *Grissette v. Ramsey*, Case No. 02-4325. The plaintiff filed a notice of appeal, but the Seventh Circuit affirmed the District Court's decision on October 24, 2003. *Grissette v. Ramsey*, 81 Fed.Appx. 67 (7th Cir. 2003). The plaintiff states this lawsuit is not the basis of his Eighth Amendment claims.

The plaintiff was found guilty of the offense of Unlawful Delivery of Controlled Substance on October 9, 2002. The bench trial was held on two separate days: July 10, 2002 and October 9, 2002. The plaintiff filed a notice of appeal of his criminal conviction while he was incarcerated in Stateville Correctional Center but says he never received any response and took no further action.

The plaintiff was represented by Attorney Herbert Hill throughout the trial. The plaintiff states that he cooperated with his counsel and provided him the names of witnesses including Todd Jenkins, Melissa Lewis and Tracy Richardson. However, the plaintiff alleges that his counsel was not familiar with his case, "failed to pursue any potential witnesses, tried to withdraw on trial date and refused to speak with the plaintiff during the trial." (Plain Resp., p. 5)

The plaintiff further alleges that problems with his mail prevented him from locating crucial witnesses. Potential witness Todd Jenkins was incarcerated in the Illinois Department of Corrections at the time of the trial. The plaintiff says Jenkins could have testified that one of the officers who arrested him was biased against the plaintiff based on an earlier incident.

The plaintiff says he did not have an address for potential witness Tracy Richardson, but discovered a phone number for this witness after his trial started. The plaintiff says Richardson would testify that someone else other than the plaintiff had sold the drugs and could have helped him locate another witness named Melissa Lewis.

The plaintiff was found guilty of the offense of Driving Under the Influence in October of 2001. The plaintiff says his total fines and costs were $1,000. The court applied bond money the plaintiff had previously posted in the amounts of $300 and $500 toward these fines and costs. The plaintiff says he filed a motion to vacate the judgement in order to petition the court to release his bond money. The motion was filed late and the court discharged the plaintiff from court supervision unsatisfactorily. The plaintiff says he understood it was the

judge's discretion whether to return bond money which had already been applied to costs and fines.

The plaintiff was represented by the public defender's office for the Driving Under the Influence charge. However, the plaintiff claims he only met with this counsel on one occasion.

The plaintiff says he was told by Defendant Lippetts that it was Henry County's policy to return all mail back to the sender if the inmate is not in custody. Jail Administrator Robert Streight says that mail arrives at the Henry County Jail in the morning before noon. Incoming mail is only accepted for inmates that are in the custody of the Henry County Jail at the time the mail is received. If the inmate is not in the custody of the jail, it is immediately marked "return to sender" and returned to the United States Postal Service. (Def. Memo, Streight Aff, p. 2) If the inmate is in the custody of the jail is received, opened and checked for contraband. Incoming mail is then distributed to inmates on the same day that it arrives at the jail. The mail procedures apply to all inmates whether or not they were transferred from another facility.

The plaintiff says he made a request that his mail be held at the Henry County Jail for him. Jail Administrator Streight says he did not receive this request. However, Defendant Streight says even if the plaintiff had made this request, it would have been denied since the jail staff have no way of knowing if an inmate will return to the Henry County Jail at any future date. (Def. Memo, Streight Aff, p. 3)

Defendant Streight says the Henry County Jail only maintains a record of an inmate's outgoing mail as required by the state. The record of the plaintiff's outgoing mail demonstrates that he was able to send mail to various courts, individuals and family members. In his deposition, the plaintiff states that he did not have problems sending out mail while in the custody of the Henry County Jail. However, in response to the motion for summary judgement, the plaintiff says two letters that he mailed to the Office of Jail and Detention Standards and the Cambridge, Illinois Post Office were not listed on his outgoing mail from the Henry County Jail. The plaintiff says he presumes these letters were seized.

Defendant Streight also says the plaintiff was allowed access to a phone and visitors including his attorney. The plaintiff says he talked to his ex-wife, Gloria, twice while in the Henry County Jail.

Defendant Streight says Deputies Lippens and Lessard did not have the authority to set policies or procedures related to mail distribution. However, the deputies were responsible for distributing mail to inmates including the plaintiff during their rounds. Neither deputy was authorized to make decisions about holding or forwarding mail.

## II. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material fact" is one that "might affect the outcome of

the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153 (1970); *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994).

### III. ANALYSIS

A   EIGHTH AMENDMENT

The defendants argue the plaintiff has failed to demonstrate that any of the defendants violated his Eighth Amendment right to meaningful access to the courts. The plaintiff claims that the repeated delays in receiving his mail lead to lost contact with trial witnesses and a resulting criminal conviction, a delay in court filings, suspension of his driver's license and forfeiture of bond money. (Plain. Declaration, p. 1)

Prison officials must provide inmates with meaningful access to the courts. *Bounds v. Smith*, 4320 U.S.817, 822 (1977) The critical inquiry is whether the prisoner's access was meaningful. "[P]risoners need only be given a reasonably adequate opportunity of access, and not perfect access, to the courts." *Boyd v. Petsock*, 795 F. Supp 743, 746 (W.D. Pa. 1992). In addition, the plaintiff must demonstrate that he was harmed as a result of the defendants' actions. *Lewis v. Casey,* 518 U.S. 343, 354-355 (1996). "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Constitutional protections are applied only to a prisoner's direct or collateral attack on his or her sentence, or challenges to prison conditions. *Id.* at 354-355.

The plaintiff has failed to demonstrate that his Eighth Amendment rights were violated in regards to his criminal trial for the sale of a controlled substance. First, it is undisputed that the plaintiff had counsel to represent him throughout the trial. *See Bounds,* 430 U.S. at 830-832 (meaningful access to the courts is satisfied when the inmate has assistance from persons trained in the law). Second, the plaintiff was not in the custody of the Henry County Jail or the named defendants when his criminal trial began on July 10, 2002. Third, the plaintiff has not presented any evidence that he was in the custody of the Henry County Jail or the named defendants when the alleged witnesses claim to have sent letters to the plaintiff. Fourth, the plaintiff had other means to contact his witnesses not only through his attorney but through phone calls and visits with family members. And lastly, the plaintiff has not demonstrated that his conviction in this case has been overturned, therefore his claim is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994); *see also Nance v. Vieregge,* 147 F.3D 589 (7th Cir. 1998).

The plaintiff has also failed to demonstrate that the any problems with his mail in Henry County lead to delays in court filings, suspension of his driver's license and forfeiture of bond money. The plaintiff alleges that he was arrested for Driving Under the Influence in July of 1998 and was apparently found guilty in October of 1999. The plaintiff says he was placed on two years of court supervision until October 5, 2001. At some point, the court revoked the court supervision. The plaintiff filed a motion to vacate the decision which he claims was late and therefore he lost driving privileges and his bond money.

The plaintiff has presented no evidence to support those claims. The plaintiff admits he had no problem with outgoing mail while in the Henry County Jail. He has presented no evidence that Henry County officials were in any way responsible for the late filing of the motion to vacate. The plaintiff has also failed to demonstrate that he did not receive any court documents concerning this traffic case. It is also clear the plaintiff failed to abide by the terms of his court supervision since he was subsequently convicted of two felony offenses. In addition, the defendants have presented evidence that the plaintiff's driving privileges were actually revoked on September 20, 2000, long before he was in the Henry County Jail. Lastly, the plaintiff's claim that he was denied a chance to seek the return of his bond money does not merit the constitutional protection of the Eighth Amendment. *See Lewis,* 518 U.S. at 352-355. (Constitutional protections are applied only to a prisoner's direct or collateral attack on his or her sentence, or challenges to prison conditions.) The defendants motion for summary judgement on the plaintiff's Eighth Amendment claim is therefore granted.

B. FIRST AMENDMENT

The defendants further argue that the plaintiff cannot establish that any delays in receiving his mail rose to the level of a constitutional violation. The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail. *See Thornbaurgh v. Abbott,* 490 U.S. 401 (1989). Prison regulations or practices affecting a prisoner's receipt of non-legal mail muse be "reasonably related to legitimate penological interests." *Thornburgh v Abbott,* 490 U.S. 401 (1989). The Seventh Circuit has held that allegations of sporadic and short-term delays in receiving mail are not enough to state a violation of the First Amendment. *See Zimmerman v. Tribble,* 226 F3d 568, 573 (7th Cir. 2000); *see also Rowe v. Shake,* 196 F. 3d 778, 782 (7th Cir. 1999).

The defendants state that the plaintiff cannot establish "continued and repeated delays" in receiving mail whether personal or legal while in custody of the Henry County Jail. The defendants state that the only delay the plaintiff can show that occurred *while in the custody* of Henry County was a personal letter from Mr. Cuevas. Since the failure to deliver one letter cannot rise to the level of a constitutional violation, the defendants argue they are entitled to summary judgment on this claim.

The plaintiff's admits that "only one personal letter was not received while in the custody of the Henry County Jail..." (Plain. Dec., p. 4); (Plain.Memo, p. 9) However, the plaintiff says the jail's policy of returning his letters to the U.S. Postal Service when he was transferred caused greater delays in receiving his mail and is in violation of the state's standards for handling incoming mail. The plaintiff states that the Illinois Administrative Code for county jail's directs

that a "transferred detainee's first-class mail shall be forwarded to the detainee's forwarding address, if known. If no forwarding address is available, mail shall be returned to the sender." Ill. Admin.Code 701.180(b)(5). Although not addressed, the defendants would obviously state they did follow this procedure since they had no idea where the plaintiff would be housed next.

The plaintiff points to several important letters that he claims were delayed due to the jail's policy. One was a letter from the Kane County Circuit Clerk. The plaintiff also claims other mail returned included "letters from Tracy Richardson, Melissa Lewis, Todd Jenkins (affidavit) via Amy Bauer." (Plain Memo, p. 14). However, the problem is the plaintiff has failed to produce any evidence demonstrating that the letters were mailed to the Henry County Jail, when the letters were written or that it was the Henry County Jail that returned the letters.

The plaintiff has also failed to show how any of these defendants were personally responsible for the delays in his mail. Deputies Lessard and Lippens had no authority to determine whether an inmate's mail was held or forwarded elsewhere. The deputies had no authority to set policies or procedures. Their only responsibility was distributing mail that had been received.

In addition, there is no real evidence that Jail Administrator Bob Straight personally declined any of the letters the plaintiff says were returned to the U.S. Post Office. The plaintiff says he asked the defendant not to forward his mail, but has failed to provide a copy of this request.

The court notes that the plaintiff makes several arguments in response to the motion for summary judgement concerning the polices and practices of the Henry County Jail and clearly Defendant Straight would have some responsibility for these rules. Unfortunately, the pro se plaintiff made no such official capacity claim in his initial complaint. In fact, he made no mention of any policy or practice at the jail. *See* Complaint. Therefore, the merit review order clearly stated that this lawsuit was against the defendants in their individual capacities only and any intended official capacity claims were dismissed. December 21, 2004 Order. The plaintiff at no time sought to clarify those claims.

The court finds that the plaintiff has failed to establish that the named defendants were responsible for any continued or repeatedly delays in receiving mail. The motion for summary judgement is granted.

**IT IS THEREFORE ORDERED that:**

**1) The defendant's motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 29] The Clerk of the Court is directed to enter judgment in favor of the defendants in accordance with this order. The parties are to bear their own costs. This case is terminated.**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff**

**plans to present on appeal.** *See* **Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**3) The plaintiff must still pay the $150 filing fee in full. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full. Therefore, the plaintiff must immediately inform the court of any change in his mailing address.**

**4) The court also notes that the plaintiff was directed to pay $883.47 in sanctions to defense counsel on August 4, 2006. The plaintiff has now paid this fee in full. Therefore, the court will deny the plaintiff's motion to allow installment payments as moot. [d/e 35]**

ENTERED this 22nd day of March, 2006.

                                    **s\Harold A. Baker**
                              _____
                                    HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE